Attachment A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

MAR 24 2020

U.S. DISTRICT COURT
ELKINS WV 26241

_Marc Pierre Hall_

_____

*Your full name*

As
Amended

**FEDERAL CIVIL RIGHTS.**
**COMPLAINT / ~~Affidavit~~**
(***BIVENS* ACTION**)

v.

Civil Action No.: ~~5:20 cv 36~~

5:20cv 59

*(To be assigned by the Clerk of Court)*

_Director Herwitz; Regional -_
_Director A.P. Dunbar; Warden J. -_
_Coakley, A.W. Keys; Captain Phipps;_
_HSA Friend. ASHA McCardle (continued):_

Bailey
Mazzone
Blalock

*Enter above the full name of defendant(s) in this action*

## I.   JURISDICTION

This is a civil action brought pursuant to **Bivens v. Six Unknown Named Agents of**
**Federal Bureau of Narcotics, 403 U.S. 388 (1971).**  The Court has jurisdiction over
this action pursuant to Title 28 U.S.C. §§ 1331 and 2201. 1332; 1343a(1-4), b(1-2); 1361;
1367(a-e); 1961; 42 USC 1985(3); 1988; F.R.CV.P Rules 18; 19; 45; Art III (US -
Constitution).

## II.   PARTIES

*In Item A below, place your full name, inmate number, place of detention, and complete mailing*
*address in the space provided.*

A.   Name of Plaintiff: _Marc Pierre Hall_  Inmate No.: _11691-058_
Address: _POB 2000 - USP Hazelton, Bruceton Mills,_
_W.Va 26525_

*In Item B below, place the full name of each defendant, his or her official position, place of*
*employment, and address in the space provided.*

Hall v. Dir. Herwitz, et. al.
(continued) p.1 - Additional page

7.

<u>Defendants</u>

Director Kathleen H. Sawyer; Regional Director D.J. Harmon;
Yvette Phillips Central Office Medical Designator ;
Complex Warden Antonelli; Complex Warden F. Entzel;
Associate Warden McCraffrey; Associate Warden Sweaney;
Legal Counsel's Office; Legal Counsel Matthew W. -
Mellady; Captain Howell; Captain Haggamyer; Regional -
Doctor V. Dankwa; Regional RN Osborn; Sarah SenKo (PHS);
Doctor G. Nimms; (FNP-BC) John Pyles; PA-C. Meyers.
Officer Noats; Director Mark Inch;
Office Of Medical Designator; PA-Leigh Bird; HIT Clerk Shaw;

Attachment A

B.      Name of Defendant: Director Herwitz
        Position: ex National director BOP Agency
        Place of Employment: BOP Agency (last Known)
        Address: 320 First street, NW, Washington, DC.
        20534 (last Known)

        Was this Defendant acting under the authority or color of federal state
        law at the time these claims occurred?   ☒ Yes       ☐ No

        If your answer is "YES," briefly explain: Authorized under Federal
        law, rule, regulation to supervise the National BOP
        Agency, who violated the law, failing to do so, and to
        provide the medical standard of Care, a fundamental interest
        at stake and imminent danger.

B.1     Name of Defendant: Angela P. Dunbar
        Position: Regional Director BOP Agency
        Place of Employment: BOP Agency (last Known)
        Address: Mid-Atlantic Regional office, 302 Sentinel
        Drive #200, Annapolis Junction, MD. 20701 (last Known)

        Was this Defendant acting under the authority or color of federal state
        law at the time these claims occurred?   ☒ Yes       ☐ No

        If your answer is "YES," briefly explain: Authorized under Federal
        law, rule, regulation to supervise the Mid-Atlantic Region
        who violated the law, failing to do so, and to provide
        the medical standard of Care, a fundamental interest at
        stake and imminent danger.

B.2     Name of Defendant: Joe Coakley
        Position: Complex ex Warden
        Place of Employment: USP Hazelton (last Known)
        Address: Bruceton Mills, WV. 26525 (last Known)

        Was this Defendant acting under the authority or color of federal state
        law at the time these claims occurred?   ☒ Yes       ☐ No

9

**Attachment A**

If your answer is "YES," briefly explain: Authorized under federal law, rule, regulation to supervise USP Hazelton who violated the law failing to do so, and to provide the medical standard of care, a fundamental Interest at stake and imminent danger.

B.3     Name of Defendant: Associate Warden Keys
        Position: Associate Warden (AW)
        Place of Employment: USP Hazelton (last Known)
        Address: Bruceton Mills, W.V. 26525 (last Known)

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes      ☐ No

If your answer is "YES," briefly explain: Authorized under federal law, rule, regulation to supervise operations of the USP Hazelton Medical Department, who violated the law failing to do so, and to provide the medical standard of care, a fundamental Interest at stake and imminent danger.

B.4     Name of Defendant: Mark Inch
        Position: Ex National Director
        Place of Employment: BOP Agency (last Known)
        Address: 320 First Street, NW, Washington, DC. 20534 (last Known).

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes      ☐ No

If your answer is "YES," briefly explain: Authorized under federal law, rule, regulation to supervise the National BOP Agency, who violated the law, failing to do so, and to provide the medical standard of care, a fundamental Interest at stake and imminent danger.

Hall v. Dir. Herwitz, et. al.                                        10

(Parties Section B6 continued): Additional page


B.6  Name of Defendant: Kathleen Hawk Sawyer
     Position: National Director BOP Agency
     Place of Employment: BOP Agency (last Known)
     Address: 320 First Street, NW., Washington, DC. 20534
     (last Known).

     Was this Defendant acting under the authority or color of federal
     state law at the time these claims occurred? [Yes]

     If your answer is "YES", briefly explain: Authorized under federal
     law, rule, regulation to supervise the National BOP Agency, who
     violated the law, failing to do so, and to provide the medical
     standard of care, a fundamental Interest at stake and imminent
     danger.


B.7  Name of Defendant: D. J. Harmon
     Position: Regional Director BOP Agency
     Place of Employment: Bop Agency (last Known)
     Address: Mid-Atlantic Regional office, 302 Sentinel Drive
     #200, Annapolis Junction, MD. 20701 (last Known)

     Was this Defendant acting under the authority or color of
     federal state law at the time these claims occurred? [Yes]

     If your answer is "YES", briefly explain: Authorized under federal
     law, rule, regulation to supervise the Mid-Atlantic Region who
     violated the law, failing to do so, and to provide the medical
     standard of care, a fundamental Interest at stake and
     imminent danger.

Hall v. Dir. Herwitz, et. al.

(Parties Sec. B8 continued): Additional page


B.8 Name of Defendant: (HSA) Friend

    Position: Hospital Administrator

    Place of Employment: USP Hazelton, WV. (last Known)

    Address: USP Hazelton, WV. 26525 (last Known)

Was this Defendant acting under the authority of color of federal state law at the time these claims occurred? [Yes]

If your answer is "YES", briefly explain: Authorized under federal law, rule, regulation to supervise the administrative duties of the medical department at USP Hazelton that included appointments to outside care, who failed to do so and provide the proper medical standard of care, a fundamental Interest at stake and imminent danger.


B.9 Name of Defendant: (PHS) McCardle (sic)

    Position: Public Health Service - Assistant Hospital Administrator

    Place of Employment: USP Hazelton, WV. (last Known)

    Address: USP Hazelton, WV. 26525 (last Known)

Was this Defendant acting under the authority of color of federal state law at the time these claims occurred? [Yes]

If your answer is "YES", briefly explain: Authorized under federal law, rule, regulation to supervise the administrative duties of the medical department at USP Hazelton, who failed to do so and provide the proper standard of medical care, a fundamental Interest at stake and imminent danger.

Hall v. Dir. Herwitz, et. al.
(Parties Sec. BIO Continued): Additional page          12

B.10 Name of Defendant: Yvette Phillips
     Position: Central Office Medical Designator (last Known)
     Place of Employment: BOP Agency (last Known)
     Address: 320 First street, N.W, Washington, DC. 20534
     (last Known)

     Was this Defendant acting under the authority of color of
     Federal State law at the time these claims occurred? [Yes]
     If your answer is "YES", briefly explain: Authorized under
     Federal law, rule, regulation to supervise the National BOP Agency
     Medical Administrative duties pertaining to medical transfers in
     accord with policy directives for intubated inmates, failing to do so,
     violated the law, and failed to provide the proper standard of care,
     a fundamental Interest at stake and imminent danger.


B.11 Name of Defendant: Warden Antonelli
     Position: Complex Warden
     Place of Employment: USP Hazelton, WV.
     Address: Bruceton Mills, WV. 26525

     Was this Defendant acting under the authority of color of
     Federal State law at the time these claims occurred? [Yes]
     If your answer is "YES", briefly explain: Authorized under Federal
     law, rule, regulation to supervise USP Hazelton who violated the
     law failing to do so, and provide for the proper medical standard
     of care, a fundamental Interest at stake and imminent danger.


                              (over)

Hall v. Dir. Herwitz, et. al.
(parties Sec. B12 Continued): Additional page

13

B.12 Name of Defendant: F. Entzel

Position: Complex Warden

Place of Employment: USP Hazelton (last Known)

Address: USP Hazelton, Bruceton Mills, WV. 26525
(last Known).

Was this Defendant acting under the authority or color of federal
State law at the time these claims occurred? [Yes]

If your answer is "YES", briefly explain: Authorized under federal
law, rule, regulation to supervise USP Hazelton who violated the
law failing to do so, and failing to provide the proper standard
of medical care, a fundamental Interest at stake and imminent
danger.


B.13 Name of Defendant: Associate Warden McCraffrey

Position: Associate Warden (AW)

Place of Employment: USP Hazelton, WV.

Address: USP Hazelton, Bruceton Mills, WV. 26525

Was this Defendant acting under the authority or color of federal
State law at the time these claims occurred? [Yes]

If your answer is "YES", briefly explain: Authorized under federal
law, rule, regulation to supervise operations of the USP Hazelton
Medical Department etc., who violated the law failing to do so, and
to provide the proper standard of medical care, a fundamental
Interest at stake and imminent danger.

Hall v. Dir. Herwitz, et. al.                                    14

(parties Sec. B14 continued): Additional page

B.14 Name of Defendant: Associate Warden Sweaney (sic)
    Position: Associate Warden (AW)
    Place of Employment: USP Hazelton, W.V. (last Known)
    Address: USP Hazelton, Bruceton Mills, W.V. 26525
    (last Known)

    Was this Defendant acting under the authority or color of
    Federal State law at the time these claims occurred? [Yes]
    If your answer is "YES", briefly explain: Authorized under federal
    law, rule, regulation to supervise operations of the USP Hazelton
    Medical Department etc., who violated the law failing to do so
    and to provide the proper standard of medical care, a funda-
    mental Interest at stake and imminent danger.


B.15 Name of Defendant: Legal Counsel's Office
    Position: Office
    Place of Employment: Mid-Atlantic Regional office BOP Agency.
    Address: Mid-Atlantic Regional Office, 302 Sentinel Drive, ste 200
    Annapolis Junction, MD. 20701.

    Was this Defendant acting under the authority or color of federal
    State law at the time these claims occurred? [Yes]
    If your answer is "YES", briefly explain: Authorized under federal
    law, rule, regulation to approve denied medical rights to inmates
    pursuant policy, who failed to do so violating law, that denied
    the proper standard of medical care, a fundamental Interest at
    stake and imminent danger; such was by and through its employees.


                        (over)

Hall v. Dir. Herwitz, et. al.

(parties Sec. B16 Continued): Additional page

15

B.16 Name of Defendant: <u>Captain Howell</u>

Position: <u>Captain</u>

Place of Employment: <u>USP Hazelton, WV. (last Known)</u>

Address: <u>USP Hazelton, Bruceton Mills, WV. 26525</u>

<u>(last Known).</u>

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred? [Yes]

If your answer is "YES", briefly explain: <u>Authorized under federal law, rule, regulation to supervise operations of USP Hazelton Including medical appointments, who failed to do so, and violated law & to provide access to outside care for standard of care, a fundamental Interest at stake and imminent danger.</u>


B.17 Name of Defendant: <u>Captain Haggameyer</u>

Position: <u>Captain</u>

Place of Employment: <u>USP Hazelton, WV.</u>

Address: <u>USP Hazelton, Bruceton Mills, WV. 26525</u>

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred? [Yes]

If your answer is "YES", briefly explain: <u>Authorized under federal law, rule, regulation to supervise operations of USP Hazelton Including medical appointments, who failed to do so, and violated law & to provide access to access to outside care for standard of care, a fundamental Interest at stake and imminent danger.</u>

Hall v. Dir. Herwitz, et. al.                                    16
(parties Sec. B18 Continued): Additional page

B.18 Name of Defendant: Melody Osborn
     Position: RN - Registered Nurse
     Place of Employment: Mid-Atlantic Regional office
     Address: Mid-Atlantic Regional office, 302 Sentinel Drive,
     Suite 200, Annapolis Junction, MD. 20701.
     Was this Defendant acting under the authority or color of federal
     State law at the time these claims occurred? [Yes]
     If your answer is "YES", briefly explain: Authorized under federal
     law, rule, regulation to make decisions regarding consultation
     appointments for Inmates at USP Hazelton, WV. who did so that
     violated law, failing to provide the proper standard of medical
     Care, a fundamental Interest at stake and imminent danger.


B.19 Name of Defendant: Sarah Senko
     Position: Public Health Service Worker
     Place of Employment: USP Hazelton, WV (last Known)
     Address: USP Hazelton, Bruceton Mills, WV. 26525
     (last Known).

     Was this Defendant acting under the authority or color of
     Federal State law at the time these Claims occurred? [Yes].
     If your answer is "YES", briefly explain: Authorized under
     Federal law, rule, regulation to assist the Health Administrator
     administer medical health Care at USP Hazelton, WV. and in
     doing so violated law, failing to provide the proper standard of
     medical care, a fundamental Interest at stake and imminent
     danger.



                              (over-)

Hall v. Dir. Herwitz, et. al.
(parties Sec. B.20 Continued): Additional page

17

B.20 Name of Defendant: Gregory Mimms
    Position: Medical Doctor - Clinical Director
    Place of Employment: USP Hazelton, WV.
    Address: USP Hazelton, Bruceton Mills, WV. 26525

Was this Defendant acting under the authority or color of
federal state law at the time these claims occurred? [Yes]
If your answer is "YES", briefly explain: Authorized under
Federal law, rule, regulation to supervise the medical depart-
ment and provide the proper standard of medical care at
USP Hazelton, WV., who did not, violating law, a fundamental
Interest at stake and imminent danger.


B.21 Name of Defendant: John Ryles
    Position: (F. Nurse Practitioner - BC)
    Place of Employment: USP Hazelton, WV.
    Address: USP Hazelton, Bruceton Mills, WV. 26525
Was this Defendant acting under the authority or color of
Federal state law at the time these claims occurred? [Yes]
If your answer is "YES", briefly explain: Authorized under
feder law, rule, regulation to provide the proper standard of
medical care at USP Hazelton, WV., who did not, violating
law, a fundamental Interest at stake and imminent danger.

Hall v. Dir. Herwitz, et. al.

18

(parties Sec. B.22 Continued): Additional page

B.22 Name of Defendant: <u>C. Meyers</u>
        Position: <u>Physician Assistant</u> (PA)
        <u>Place of Employment</u>: <u>USP Hazelton, W.V.</u>
        Address: <u>USP Hazelton, Bruceton Mills, W.V. 26525</u>
        (last Known)
        Was this Defendant acting under the authority or color of
        federal state law at the time these claims occurred? [Yes]
        If your answer is "YES," briefly explain: <u>Authorized under</u>
        <u>federal law, rule, regulation to provide the proper standard of</u>
        <u>medical care at USP Hazelton, W.V., who did not, violating</u>
        <u>law, a fundamental Interest at stake and imminent danger.</u>


B.23 Name of Defendant: <u>Matthew W. Melladay</u>
        Position: <u>Regional Counsel</u>
        <u>Place of Employment</u>: <u>Regional Counsel's Office, Maryland</u>
        Address: <u>Mid-Atlantic Regional Office, 302 Sentinel Dr.</u>
        <u>#200, Annapolis Junction, MD. 20701</u>
        Was this Defendant acting under the authority or color of
        federal state law at the time these claims occurred? [Yes]
        If your answer is "YES", briefly explain: <u>Authorized under federal</u>
        <u>law, rule, regulation to supervise and assist BOP employees in the</u>
        <u>region that included USP Hazelton with rules, regulation, policy</u>
        <u>and law including policy directives to provide the proper standard</u>
        <u>of medical care at such facility who failed to do so and violated</u>
        <u>law, a fundamental Interest at stake and imminent danger.</u>


(over)

Hall v. Dir. Herwitz, et. al.
(parties Sec. B.24 Continued): Additional page

19

B.24 Name of Defendant: Office of Central Medical Designator
   Position: Office
   Place of Employment: Washington, DC. Central office BOP
   Agency.
   Address: 320 first street, N.W., Washington, DC. 20534
   Was this Defendant acting under the authority or color of
   federal state law at the time these claims occurred? [Yes]
   If your answer is "YES", briefly explain: Authorized under federal
   law, rule, regulation to supervise the national BOP Agency medical
   administrative duties pertaining to medical transfers in accord
   with policy directives for intubated inmates, by and through its
   employees, failing to do so, violated law, and failed to afford
   the proper standard of care, a fundamental interest at stake
   and imminent danger.


B.25 Name of Defendant: officer Moates
   Position: Correctional officer
   Place of Employment: USP Hazelton, WV.
   Address: Bruceton Mills, WV, 26525
   Was this Defendant acting under the authority or color of
   federal state law at the time these claims occurred? [Yes]
   If your answer is "YES", briefly explain: Authorized under
   Federal law, rule, regulation as a Correctional officer to carry
   out the regular operational duties of USP Hazelton, WV. as
   needed to include unit detail, in doing so, violated law,
   a fundamental interest at stake and imminent danger.

Hall v. Dir. Herwitz, et. al.                                    20
(parties sec. B. 26 continued): Additional page

B. 26  Name of Defendant: <u>HIT Clerk Shaw</u>
       Position: Health Information Technician
       Place of Employment: USP Hazelton, WV.
       Address: Bruceton Mills, WV. 26525
       Was this Defendant acting under the authority or color of
       federal state law at the time these claims occurred? [Yes].
       If your answer is "YES", briefly explain: <u>Authorized under</u>
       <u>federal law, rule, regulation as the Health Information Techni-</u>
       <u>cian to provide for accurate medical records inter-alia scheduling</u>
       <u>consultant visits, in failing to do so, violated the law, and</u>
       <u>did not provide the proper standard of care at USP Hazelton,</u>
       <u>WV., a fundamental interest at stake and imminent danger.</u>

       Name of Defendant: <u>Complex Captain Perez</u> (Dismissed defendant)
       Position: <u>Complex Captain</u> (Dismissed Defendant)
       Place of Employment: USP Hazelton, WV.
       Address: Bruceton Mills, WV. 26525
       Was this Defendant acting under the authority or color of
       federal state law at the time these claims occurred? [Yes].
       If your answer is "YES", briefly explain: <u>Authorized under</u>
       <u>federal law, rule, regulation to supervise operations of USP</u>
       <u>Hazelton including medical appointments, who failed to do so,</u>
       <u>and violated law, not providing the proper standard of medical</u>
       <u>care, a fundamental interest at stake and imminent danger.</u>

                        (over)

Hall v. Dir. Herwirtz, et. al.
(parties Sec B28 Continued) : Additional page

21

B. 28 Name of Defendant : Leigh Bird
      Position : Physician Assistant (PA)
      Place of Employment : USP Hazelton, WV. (last Known)
      Address : Bruceton Mills, WV. 26525

      Was this Defendant acting under the authority or color of
      Federal State law at the time these claims occurred? [Yes]
      If your answer is "YES", briefly explain : Authorized under
      Federal law, rule, regulation to provide the proper standard of
      medical care at USP Hazelton, WV., who did not, violating
      law, a fundamental interest at stake and imminent danger.

22

**Attachment A**

B.5   Name of Defendant: ex Captain Phipps

Position: Captain

Place of Employment: USP Hazelton (last Known)

Address: USP Hazelton, Bruceton Mills, WV. 26525 (last Known).

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes   ☐ No

If your answer is "YES," briefly explain: Authorized under federal law, rule, regulation to supervise operations of USP Hazelton including medical appointments, who failed to do so, and violated law & provide access to outside care, and standard of care, a fundamental interest at stake and imminent danger.

## III.   PLACE OF PRESENT CONFINEMENT

Name of Prison/ Institution: USP Hazelton, WV.

A.   Is this where the events concerning your complaint took place?
☑ Yes   ☐ No

If you answered "NO," where did the events occur?
_____

B.   Is there a prisoner grievance procedure in the institution where the events occurred?   ☑ Yes   ☐ No

C.   Did you file a grievance concerning the facts relating to this complaint in the prisoner grievance procedure?
☑ Yes   ☐ No

D.   If your answer is "NO," explain why not: _____
_____
_____
_____

E.   If your answer is "YES," identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed

23

**Attachment A**

and state the result at level one, level two, and level three.  **ATTACH GRIEVANCES AND RESPONSES:** *This section is not in compliance with s.Ct. Jones v. Bock, 166 Led 2d 798(2007)(" We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints").*

LEVEL 1 _____

1. N/A

LEVEL 2 _____

2. N/A

LEVEL 3 _____

3. N/A

IV.   <u>PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES</u>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?         ☐ Yes      ☑ No

B.    If your answer is "YES", describe each lawsuit in the space below.  If there is more than one lawsuit, describe additional lawsuits using the same format on  a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1.    Parties to this previous lawsuit:

Plaintiff(s):_____

Defendant(s):_____

2.    Court: _____
      *(If federal court, name the district; if state court, name the county)*

3.    Case Number:_____

4.    Basic Claim Made/Issues Raised: _____
      _____
      _____
      _____

5.    Name of Judge(s) to whom case was assigned:
      _____

6.    Disposition: _____
      *(For example, was the case dismissed?  Appealed?  Pending?)*

7.    Approximate date of filing  lawsuit:_____

24

**Attachment A**

8.   Approximate date of disposition. Attach Copies:_____

C.   Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?
   ☐ Yes   ☑ No

D.   If your answer is "YES," briefly describe how relief was sought and the result.  If your answer is "NO," explain why administrative relief was not sought.

_____

_____

_____

_____

E.   Did you exhaust available administrative remedies?
   ☐ Yes   ☑ No

F.   If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion.  If your answer is "NO," briefly explain why administrative remedies were not exhausted.

_____

_____

_____

_____

_____

G.   If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  Describe each civil action or appeal.  If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G.  PREVIOUSLY DISMISSED ACTIONS OR APPEALS" Please see pacer ③ prior dismissal - unknown.

1.   Parties to previous lawsuit:  See pacer please, forgotten.

Plaintiff(s): _Please see pacer_

Defendant(s): _Please see pacer_

2. Name and location of court and case number:
_Please see pacer_

3. Grounds for dismissal: ☑ frivolous   ☐ malicious
☑ failure to state a claim upon which relief may be granted

4. Approximate date of filing lawsuit: _Please see pacer_

5. Approximate date of disposition: _please see pacer_

this case is proceeding under a basic fundamental interest at stake of constitutional rights for access to the courts to redress denied medical rights alternative to imminent danger.

V.   STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the underlined facts of your case. Describe what each defendant did to violate your constitutional rights. **You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.** Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph. **UNRELATED CLAIMS MUST BE RAISED IN SEPARATE COMPLAINTS WITH ADDITIONAL FILING FEES. NO MORE THAN FIVE (5) TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)***

CLAIM 1: Deliberate Indifference To Serious Medical needs; And/or Conspiracy To deprive Civil rights for unreasonable delay of access to proper standard of Care, a threat to health and safety placing Mr. Hall in imminent danger of serious injury, violating the Constitution's 5th and 8th Amendments.

Supporting Facts: Between 5/17/18 to present, Warden Joe Coakley; Hospital Administrator friend; Assistant Hospital Administrator McCardle; Dr. Gregory Mimms; FNP John Ryles; PA Christopher Meyers and HIT clerk Shaw, did in deliberate indifference to serious medical needs of chronic asthma and copd to include neurology and physiatry for Lumbar spondylosis - stenosis,

stenosis; degenerative disc disease and herniation of disc; edema; rheumatology for chronic arthritic disease deteriorating muscle and affecting joints; cardiology for low heart voltage; orthopedic for meniscus tears' and bone edema; or conspiracy to deprive (continued)

CLAIM 2:   Supervisors acted with deliberate indifference failing to properly supervise and train subordinates, denying proper standard of care; and/or conspired to deprive such civil rights for proper standard of care by tacit authorizations, that threatened health and safety placing plaintiff in imminent danger of serious injury violating the Constitution's 5th and 8th amendments.

Supporting Facts: Between the dates 5/17/18 to present, Director Inch; Warden Entzel; AW Keys; Regional Dir. Dunlap; Director Herwitz; Captains Howell and phipps; Warden Coakley; Dr. Nimms; Health Administrators Friend and McCardle (sic), were personally involved with the acts and omissions of claim (1) fully incorporated through (continued)

CLAIM 3:   Deliberate Indifference To Serious Medical needs. And/or Conspiracy To deprive civil rights for unreasonable delay of access To proper standard of care. As derived from claim (1), (2); a continuing threat to health and safety placing Mr. Hall in imminent danger of serious injury violating the constitution's 5th and 8th amendments.

Supporting Facts: Between the dates 3/2/19 to present as continuing from 5/17/18 claim (1) as fully incorporated in relevant part(s), defendants Dr. Nimms; Hospital administrators friend and McCardle (sic), HIT clerk Shaw continued or carried on violations of civil rights with new defendants Warden Antonelli; RN M. Osborn; Dr. Dankwa; and PA. L. Bird in (continued)

CLAIM 4:   Supervisors acted with deliberate indifference failing to properly supervise and train subordinates, denying proper standard of care; and/or conspired to deprive such civil rights for proper standard of care by tacit authorizations that threatened health and safety placing plaintiff in imminent danger of serious injury violating the constitution's 5th and 8th amendments.

Supporting Facts: Between the dates 3/2/19 to present, defendants Dir. Sawyer; Dir. Herwitz; Regional Dir. D.J. Harmon; Legal counsel – (continued):

Matthew W. Mellady . Legal counsel's office; A.W. Sweaney (sic);
A.W. McCraffrey . Captain Haggameyer ; Dr. Nimms . Hospital
Administrators friend and McCardle' (sic) and Warden Antonelli .
(continued) .

CLAIM 5: Deliberate Indifference To serious Medical needs. And/or conspiracy
To deprive Civil rights for unreasonable delay of access To proper-
standard of care . As derived from claims (1-4) a continuing threat to
health and safety placing Mr. Hall in imminent danger of serious injury
violating the constitution's 5th and 8th amendments .

Supporting Facts: Between the dates 7/8/19 to present as continuing
from 5/17/18 claims (1-4) as fully incorporated in relevant part(s) defendants
Sarah Senko . officer McAtee' . continued to carry on violations of
plaintiff's civil rights with other defendants, as authorized by Dr. Nimms,
and hospital administrators friend and McCardle in deliberate indifference .
(continued) .

## VI.   INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the
exact nature of your damages.

Injuries To Claims 1-10 are attached as additional pages fully
incorporated due to the numerous 36 Injuries involved of the
10 claims.
Further, all damages are attached as additional pages fully
incorporated for compensatory, punitive, attorney fees, interest
and nature thereof the 10 claims and numerous parties involved .

## VII.   RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make
no legal arguments. Cite no cases or statutes.*

1. Grant bench Trial; 2. Grant 28 USC 1361; 3. Grant all
damages requested. 4. Grant IFP Imminent danger exception or
5. Grant exception for IFP under "Fundamental Interest AT Stake"
for access To the Court for Injuries of Constitutional rights; 6. Grant
all other-damage request . 7. Order service of summons on
defendants and any other-relief this Court deems appropriate. also,
may the Court Grant the Complaint filed under rule 8 and its
Motion for additional pages, as the "Amended Complaint", and May
the Grant return copy due to lockdown status national BOP Agency.

Hall v. Dir. Herwitz, et. al.                                    28

(Claim 1 - Continued): Additional page (1).

Conspiracy Against Civil rights of such conditions by unreasonable delay of access to outside care including pain management, as ordered by Dr. Adams for individualized needs. Resulting from repeated cancellations of appointments by HIT Clerk Shaw authorized by Health Administrators Friend and McCardle (sic) and under-staffing of the medical department at USP Hazelton by Warden Coakley and health administrators Friend and McCardle (sic). These defendants acted outside their scope of employment or office against clearly established laws, that denied the proper standard of care, resulting in a wanton infliction of pain and suffering, worsening conditions and discrimination. and threat to health and safety, placing the plaintiff in imminent danger of serious injury that still exists at the time of complaint. In violation of the 5th amendment equal protection of law and 8th amendment cruel and unusual punishments.


(Claim 2 - Continued): Additional page (1).

Supporting Facts: deliberate indifference having tacit authorization of subordinate's conduct, failing to properly super-vise and adequately train, and/or did conspire to deprive civil rights of plaintiff through tacit authorization of subordinate conduct, violating clearly established laws. Contributing to physical injuries and worsening conditions of plaintiffs chronic diseases as set forth in claim (1) fully incorporated. these defendants collectively denied the proper standard of care for plaintiffs individualized needs, through unconstitutional operations of USP Hazelton, WV. of: 1). under-staffing the medical department; 2). repeated lockdowns these defendants permitted to override timely access to outside medical appointments; 3). and permitted repeated cancellations of medical appointments. these defendants received legal notice through the U.S Attorney's Office, who acted outside their scope of employment or office against clearly established laws. Resulting in a wanton infliction of pain and suffering, worsening conditions and discrimination that threatened the health and safety of plaintiff placing plaintiff in imminent danger of serious injury that still exists at time of complaint. In violation of the 8th amendment equal protection of law and 8th amendment cruel and unusual punishment.

(over)

Hall v. Dir. Herwitz, et. al.

(claim 3 - Continued): Additional page (2)

deliberate indifference to serious medical needs and/or conspiracy to deprive civil rights for the timely access to outside services and proper standard of care for: 1). pulmonology for chronic asthma & copd, lung deterioration to capacity of 49% with limited response to medicines; a 7mm nodule/growth lower-right lung without testing for proper treatment; 2). neurology & physiatry for several spinal & Lumbar stenosis & spondylosis, degenerative disc disease; disc herniation; and edema; 3). rheumatology for chronic arthritis deteriorating low back and hip muscles and affecting joints; 4). Cardiology for consistent low heart voltage; 5). optomology for impaired vision; 6). Orthopedics for right lower leg bone edema; right knee meniscus new tears & edema; loss of range of motion -8%; 7). physical therapy to restore function; 8). pain management for all chronic pain of such diseases and conditions, resulting from a continued repeated cancellation of medical appointments by HIT Clerk Shaw authorized by Hospital administrators friend and McCardle (sic) as further authorized by Warden Antonelli. These defendants acted outside their scope of office or employment against clearly established laws, that denied the proper standard of care, resulting in a wanton infliction of pain and suffering, worsening conditions and discrimination, and threat to health and safety, placing Mr. Hall in imminent danger of serious injury that still exists at the time of complaint. In violation of the 5th amendment equal protection of law and 8th amendment cruel and unusual punishment.

(Claim 4. Continued): Additional page (2)

were personally involved with the acts and omissions of claim (3) fully incorporated through deliberate indifference having tacit authorization of subordinate's conduct, failing to properly supervise and adequately train; and/or did conspire to deprive civil rights of plaintiff through such tacit authorization of subordinate conduct, violating clearly established laws. Contributing to physical injuries and worsening conditions of plaintiff's chronic diseases as set forth in claim (3) fully incorporated. These defendants collective denied the proper standard of care for plaintiff's individualized needs for timely access to outside services for: 1). pulmonology; 2). neurology; 3). rheumatology; 4). Cardiology; 5). optomology; 6). Orthopedics; 7). physical therapy; 8). pain management as set forth in claim (3) fully in-corporated. As denied such rights, defendants Legal counsel's office and legal counsel Matthew W. Mellady pursuant rule, regulation, policy or law had the only authority to deny medical rights and therefore either directly did so or indirectly by failing to supervise denied medical rights. the repeated cancellations of medical appointments by HIT Clerk Shaw, including delay to outside care as

Hall v. Dir. Herwitz, et. al.                                      30

(Claim 4 - Continued): Additional page (3)

authorized by Health Administrators Friend and McCardle, including Dr. Mimms, Wardens Antonelli, Sweaney (sic) and McCaffrey permitted such unconstitutional operations of the medical department along with Captain Hoffmeyer, in which the Regional Director O.J. Harmon, National Directors Sawyer and Herwitz also failed to supervise and properly train their subordinates. And because the laws were clearly established, these defendants acted outside their scope of employee or office, who did receive legal notice through the U.S. Attorney's Office. Resulting in a wanton infliction of pain and suffering, worsening conditions and discrimination, that threatened the health and safety of plaintiff placing plaintiff in imminent danger of serious injury that still exists at time of complaint. In violation of the 5th amendment equal protection of law and 8th amendment cruel and unusual punishment.


(Claim 5 - Continued): Additional page (3)

to serious medical needs and/or did conspire to deprive civil rights for a chronic care appointment relating to any of the numerous chronic diseases or conditions set forth in claims (1-4) as fully incorporated, as individualized needs of i). pulmonary; 2). neurology; 3). rheumatology; 4). cardiology; 5). physiatry; 6). orthopedic; 7). optomology; 8). pain management etc. These defendants falsified reports and/or medical records and/or agreed thereto that obstructed such care and treatment. Specifically, defendants Senko and Moates approached plaintiffs cell in housing unit C2 on 7/8/19. Senko requested plaintiff to submit to hand restraints behind his back and to use a walker assigned to the plaintiff, as a wheelchair to push plaintiff to his medical visit at USP Hazelton, WV. The plaintiff repeatedly declined to be escorted by being pushed in the walker by Senko, and repeatedly requested a wheelchair to be used. Plaintiff repeatedly told Moates that he was not denying his medical appointment, just requesting a wheelchair for proper escort, because the walker specifically gives a clear warning and prohibits the medical device to be used in the way Senko ordered its use. Senko then denies the medical appointment and meets with Dr. Mimms and health administrators Friend and McCardle. Senko writes a medical report that the plaintiff refused hand restraints and defendants Mimms, Friend and McCardle agreed stating such. These reports did not disclose, nor did Moates intervene and report that plaintiff only refused to be escorted in the walker used as a wheelchair due to its warning label of risk of injury if used as such.

(over-)

<u>(Claim 5 - continued)</u>: Additional page (4)

These defendants did therefore all agree to deprive civil rights of serious medical needs based on false reports and false medical records created by them to justify denying care. These defendants therefore did deny the proper standard of care in furtherance of excessive delay of adequate medical care for plaintiff's chronic care conditions. These defendants acted outside of their scope of office or employment against clearly established laws, that denied proper standard of care, resulting in a continued wanton infliction of pain and suffering and discrimination; and threat to health and safety, placing the plaintiff in imminent danger of serious injury that still exists at the time of complaint. In violation of the 5th amendment equal protection of law and 8th amendment cruel and unusual punishments.

Hall v. Herwitz, et al.

32

Claim 6; continued: Additional page (4)

Claim 6: Supervisors acted with deliberate indifference failing to properly supervise and train subordinates, denying proper standard of care; and/or conspired to deprive such civil rights for proper standard of care by tacit authorizations, that threatened health and safety placing plaintiff in imminent danger of serious injury violating the constitution's 5th and 8th amendments.

supporting facts: Between the dates 7/8/19 to present, as continuing from 5/17/18 through claim(s) (1-5) fully incorporated in relevant part(s), defendants Warden Antonelli; AW Sweeney; Regional Director D.J. Harmon; Captain Hagameyer; AW McCaffrey; Director Sawyer, office of legal counsel; Legal Counsel Mellady, were personally involved with the acts and omissions of claim (5) fully incorporated through deliberate indifference having tacit authorization of subordinate's conduct; failing to properly supervise and adequately train; and/or did conspire to deprive civil rights of plaintiff through such tacit authorization of subordinate conduct, violating clearly established laws. Contributing to physical injuries and worsening conditions of plaintiff's chronic diseases as set forth in claim (5) fully incorporated, these defendants collectively denied the proper standard of care for plaintiff's individualized needs for timely access to chronic care which was already nearly six months past review date of one year, for the Chronic Care Conditions of: 1). Pulmonary - 2). neurology; 3). rheumatology; 4). Cardiology; 5). orthopedic; 6). physiatry; 7). optomology and 8). pain management, as set forth in claims (1-5) fully incorporated. As denied such rights, defendants Legal counsel's office and legal Counsel Matthew W. Mellady, pursuant rule, regulation, policy or law had the only authority to deny medical rights and therefore either directly did so or indirectly by failing to supervise denied medical rights. this by-pass of the legal department for denied medical rights was tacitly authorized by Directors Harmon and Sawyer, including the other supervising defendants herein. And because the laws were clearly established, these defendants acted outside their scope of employment or office, who did receive legal notice through the U.S Attorney's office. Resulting in a wanton infliction of pain and suffering, worsening conditions and discrimination, that threatened the health and safety of plaintiff placing plaintiff in imminent danger of serious injury that still exists at time of complaint. In violation

(over-)

Hall v. Herlwitz et al.

(Claim 6 -continued): Additional page (5) of the 5th amendment equal protection of law and 8th amendment cruel and unusual punishments.

Claim 7: Deliberate Indifference To serious Medical needs. And/or Conspiracy To deprive civil rights for denial or accessive delay of Medical Transfer for proper standard of Care. As derived from claims (1-6) a continuing threat to health and safety placing Mr. Hall in imminent danger of serious injury violating the constitution's 5th and 8th amendments.

supporting facts: Between the dates 10/25/18 to present. as continuing from 5/17/18 claims (1-6) as fully incorporated in relevant part(s), defendant's Central office Medical Designator Yvette Phillips; office of Medical Designator; office of Legal Counsel; Legal Counsel Matthew W. Mellady; Regional Director - D.J Harmon; Warden Cookley;  Dr. Nimms; FNP-J. Pyles; In deliberate indifference for:

serious medical needs and/or conspiracy to deprive civil rights for medical transfer as required by policy directives and clearly established laws for placement in a Medical Referral Center regarding: 1). persistent chronic asthma; 2). COPD; 3). SOB with several intervening treatments of steroids; 4). several intubations; 5). 7mm nodule lower-right lung; 6). 49% lung capacity with limited response to medicines; 7). lung scaring and abnormalities; 8). risk of lung collapse and death, in which policy for intubation alone requires medical transfer for (MRC) placement as part of the proper standard of care. Defendants Dr. Nimms and Pyles were informed by affidavit of plaintiff, that upon a routine medical visit with RN Julia Gillespie at USP Hazelton, W.V. a peak flow test showed an average of (310) while on nonformulary medications for persistent asthma and COPD. In otherwords, these medicines were no longer controlling the plaintiff's respiratory diseases. plaintiff has been treated several times for the diseases of pulmonary by steroids and breathing treatments, to include antibiotics. and no appointments scheduled for pulmonary consult for the proper standard of care and referral to the (MRC). All other defendants herein failed to follow policy for medical transfers for intubated inmates, upon transfers to and from other facilities.

Hall v. Herwitz, et. al.

34

(Claim 7 - Continued): Additional page (6)

As denied such rights, defendant's legal counsel's office and legal counsel Matthew W. Mellady, pursuant rule, regulation, policy or law had the only authority to deny medical rights and therefore either directly did so or indirectly by such acts and omissions permitting defendants to by-pass the legal department for denied medical rights and being informed. Because laws were clearly established, these defendants all acted outside of their scope of employment or office, against clearly established laws, that denied the proper standard of care, resulting in a wanton infliction of pain and suffering, worsening conditions and discrimination, and threat to health and safety, placing Mr. Hall in imminent danger of serious injury that still exists at the time of complaint. In violation of the 5th amendment equal protection of law and 8th amendment cruel and unusual punishment.

Claim 8: Supervisors acted with deliberate indifference failing to properly supervise and train subordinates, denying proper standard of care; and/or conspired to deprive such civil rights for proper standard of care by tacit authorizations that threatened health and safety placing plaintiff in imminent danger of serious injury violating the constitutions 5th and 8th amendments.

Supporting facts: Between the dates 10/25/18 to present as continuing from 5/7/18 claims (1-7) fully incorporated in relevant part(s). defendants National Directors Herwitz; Inch and Sawyer; Regional Director Harmon; Central office Medical Designator Yvette Phillips; office of Medical Designator; Legal counsel's office. Legal counsel Matthew W. Mellady; Warden Coakley; Dr. Nimms; Health Administrators Friend and McCardle, were personally involved with the acts and omissions of claim (7) fully incorporated through deliberate indifference having tacit authorization of subordinate conduct, failing to properly supervise and adequately train; and/or did conspire to deprive civil rights of plaintiff through such tacit authorization of subordinate conduct, violating clearly established laws. these defendants collectively contributed

(over-)

Hall v. Dir. Hewitte, et. al

35

(Claim 8 - continued) : Additional page (7).

to physical injuries and worsening conditions of plaintiff's chronic diseases as set forth in claim (7) fully incorporated. These defendants collectively denied the proper standard of care by failing to follow policy directives for persons with conditions that required post intubation(s), that mandated medical transfer to a medical referral center. As denied such rights, defendants legal counsel's office and legal counsel Mellady pursuant rule, regulation, policy or law had the only authority to deny medical rights and therefore either directly did so or indirectly by failing to supervise denied medical rights. This by-pass of the legal department for denied medical rights was tacitly authorized by all other defendants herein, and therefore acted outside their scope of employment or office, who did receive legal notice through the U.S. Attorney's office. Resulting in a wanton infliction of pain and suffering, worsening conditions and discrimination, that threatened the health and safety of the plaintiff, placing plaintiff in imminent danger of serious injury that still exists at the time of the complaint. In violation of the 5th amendment equal protection of law and 8th amendment cruel and unusual punishments.

Claim 9 : Deliberate Indifference To Serious Medical needs. And/or conspiracy To deprive civil rights for denial or accessive delay of Medical Transfer for proper standard of care, As derived from claims (1-8), a continuing threat to health and safety placing Mr. Hall in imminent danger of serious injury violating the constitutions 5th and 8th amendments.

supporting facts : Between the dates 5/24/18 to present, as continuing from 5/17/18 claims (1-8) as fully incorporated in relevant part (s), defendants, Dr. Mimms FNP-J. Ryles; Regional Directors Dunlap and Harmon; office of Medical designator; Central Office Medical Designator Yvette Phillips; office of Legal Counsel; Legal Counsel Mellady; Warden Antonelli; Dr. V. Dankwa; PA. Meyers; Warden J. Coakley; Warden F. Entzel, in deliberate indifference for serious medical needs and for conspiracy to deprive civil rights for medical transfer - physical therapy as required by the proper standard of care to restore function derived from chronic disorders and diseases of: 1). Neurology; 2). rheumatology; 3). orthopedic conditions. Defendants were responsible for filing and taking the correct procedures under policy directives for medical transfer to a facility that offers the required care, who did not

Hall v. Dir. Herwitz, et. al.

36

(claim 9 - continued): Additional page (8).

do so, nor afforded alternative physical therapy locally by out patient care, required for such conditions to restore function, under the proper standard of care. USP Hazelton does not offer physical therapy at the prison. These defendants collectively denied the proper standard of care by failing to follow policy and established laws for conditions requiring physical therapy. As denied such rights, defendants legal counsel's office and legal counsel Mellady pursuant rule, regulation, policy or law had the only authority to deny medical rights and therefore either directly did so or indirectly by failing to supervise denied medical rights or permitted by-pass of the legal department. These defendants acted outside their scope of employment or office against clearly established laws, that denied the proper standard of care. Resulting in a continual wanton infliction of pain and suffering, worsening conditions and discrimination, and continued threat of health and safety. Placing Mr. Hall in imminent danger of serious injury that still exists at time of complaint. In violation of the 5th amendment equal protection of law and 8th amendment cruel and unusual punishments.


Claim 10: Supervisors acted with deliberate indifference failing to properly supervise and train subordinates, denying proper standard of care, and/or conspired to deprive such civil rights for proper standard of care by tacit authorizations that threatened health and safety placing plaintiff in imminent danger of serious injury violating the constitution's 5th and 8th amendments.

Supporting Facts: Between the dates 5/24/18 to present as continuing from 5/17/18 claims (1-9) fully incorporated in relevant part(s), defendants National Directors Herwitz; Sawyer. Regional Directors Dunlap and Harmon; office of legal counsel; legal counsel Matthew W. Mellady; Warden J. Coakley; Warden F. Entzel; Warden Antonelli; Hospital Administrators Friend and McCardle; AW Keys; AW Sweeney; Dr. G. Nimms, were personally involved with the acts and omissions of claim (9) fully incorporated through deliberate indifference having tacit authorization of subordinate conduct, failing to properly supervise and adequately train; and/or did conspire to deprive civil rights of plaintiff through such tacit authorization of subordinate conduct

(over)

Hall v. Herwitz, et. al.:

(Claim 10 - Continued): Additional page (9)

violating clearly established laws. these defendants collectively contributed
to continued physical injuries and worsening conditions of plaintiff's chronic
diseases and conditions as set forth in claim (9) fully incorporated. these
defendants collectively denied the proper standard of care by failing to
afford physical therapy to restore function that required medical transfer or
out patient care. As denied such rights, defendants legal counsel's
office and legal counsel Mellady pursuant rule, regulation, policy or law
had the only authority to deny medical rights and therefore either directly
did so or indirectly by failing to supervise denied medical rights. this
by-pass of the legal department for denied medical rights was tacitly
authorized by all other defendants herein, and therefore acted outside
their scope of employment or office. who did receive legal notice through
the US Attorney's office. Resulting in a continued wanton infliction of
pain and suffering and worsening conditions, placing plaintiff in imminent
danger of serious injury that still exists at the time of complaint.
In violation of the 5th amendment equal protection of law and 8th
amendment cruel and unusual punishments.

Hall v. Dir. Herwitz, et. al.                    38
Additional pages


IV. Injuries (continued): (p.15)

General Injury Chart (Fully Incorporated)

1). Worsening conditions of persistent asthma and copd;
2). worsening conditions of SOB (shortness of breath);
3). worsening Lung capacity;
4). Right lung 7mm nodule growth;
5). worsened nerve injuries either compressed or in part, stretched or displaced persistent chronic pain;
6). worsening and deteriorating Lumbar disc L4, L5, S1 stenosis and persistent chronic pain;
7). worsening loss of muscles low back and persistent chronic pain;
8). worsening persistent chronic sciatic nerve pain;
9). worsening persistent weakness and numbness of hands; legs and feet;
10). worsening degenerative disc stenosis and persistent chronic pain;
11). Worsening chronic persistent pain of neck and shoulders and weakness;
12). Worsening and persistent chronic pain of herniated disc;
13). Worsening reduced and limited ambulation and balance and more frequent falls;
14). worsening bed mobility and persistent chronic pain;
15). worsening continence control of bowel and urine;
16). worsening migraines persistent chronic pain up to a week;
17). worsening erection dysfunction;
18). Loss of Life activities or worsening limitations of sports; exercise; walking; running;
19). worsening arthritis and persistent chronic pain in all Joints;
20). worsening meniscus tears right knee with persistent chronic pain;

Hall v. Dir. Herwitz, et.al.
Additional pages                                    39

## General Injuries Chart (continued); (p.15)

21). Worsening deterioration of hip muscles and arthritis and persistent chronic pain;

22). Bone edema right leg persistent chronic pain;

23). Discrimination equal protection of law 5th amendment;

24). Cruel and unusual punishments 8th amendment; wanton infliction of pain and suffering;

25). Worsening reduced sight, blurriness and sensitivity to light and persistent pain;

26). Worsening heart voltage and persistent pain;

27). Loss of Rom -8% right knee;            and persistent chronic pain;

28). Worsening gait and persistent chronic pain;

29). Worsening chronic allergies contributing to respiratory diseases; facial pain

30). Increased risk of death due to lung capacity and persistent asthma/copd and risk of collapsed lungs;

31). Lack of sleep due to persistent chronic pain; and respiratory diseases;

32). Worsening persistent chronic pain in soles of feet;

33). Worsening persistent chronic pain in legs, shooting pain;

34). Worsening persistent chronic pain in arms; .

35). Worsening persistent chronic pain in groin and waist;

36). Depleted Life span

Hall v. Dir. Herwitz, et. al.
Additional pages

40

IV.   Specific Injuries To Claims: (p. 15)
      (fully Incorporated)
          (All referenced claims fully Incorporates all injury
   paragraphs stated in the general Injury chart):

   Claims (1-2): fully Incorporates general injury chart paragraphs
                 1-18; 23; 24; 29-36.

   Claims (3-4): fully Incorporates general injury chart paragraphs
                 1-36 passim.

   Claims (5-6): fully Incorporates general injury chart paragraphs
                 1-36 passim.

   Claims (7-8): fully Incorporates general injury chart paragraphs
                 1-4; 18; 23; 24; 29-36.

   Claims (9-10): fully Incorporates general injury chart paragraphs
                 5-15; 18-24; 27; 28; 31-36.

            Supplement: (All claims of physical injuries shall fully
                       incorporate mental anguish injury passim).

Hall v. Dir. Herwitz, et. al.

41

VI  Damages (continued): (p.15)

A. Compensatory Damages:

1.  Defendants et. al. claims (1-10) shall be liable for $1 million dollars Jointly and severally per claim for the physical injuries sustained.

2.  Defendants et. al. claims (1-10) shall be liable for $1 million dollars Jointly and severally per claim for the emotionally or mental anguish sustained.

3.  Defendants et. al. claims (1-10) shall be liable for $1 million dollars Jointly and severally per claim for the Constitutional Injury under the 5th Amendment.

4.  Defendants et. al. claims (1-10) shall be liable for $1 million dollars Jointly and severally per claim for the constitutional Injury under the 8th Amendment.

B. Punitive Damages:

5.  $1 million dollars Jointly and severally per claim against defendants et. al. claims (1-10), of conviction.

C.  Issue Order pursuant 28 USC 1361 To perform duties

6.  Order the BOP Agency and Employees defendants to immediately arrange for the plaintiff to be transferred to a medical referral center in his region for his total medical care and as required for persons of intubation pursuant policy directives;

7.  Also, to immediately arrange for the plaintiff's access to all outside special clinic services not available at USP Hazelton consisting of: 1). Pulmonary; 2). Cardiology; 3). orthopedic; 4). rheumatology; 5). Neurology; 6). physiatry; 7). optomology; 8). physical therapy; 9). Pain management; for the care and treatment and restoration of function to plaintiff's health.

8.  Also, to afford outside consultation and carry out without delay within (30) days from Order, the treatment recommended by such

(over-)

<u>VI</u> . (<u>Damages continued</u>) : (p.15)

Specialists of outside services.

    D. <u>Attorney fees</u>

9. Award Attorney fees pursuant 42 USC 1988.

    E. <u>Interest</u>

10. Pursuant 28 USC 1961 may the Court award interest at or from time of Judgment.

    F. Grant such other damages as the Court deems necessary that plaintiff may be entitled.

43

**Attachment A**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at ___USP Hazelton, W.V.___ on ___3/16/20 Lockdown status___
            (Location)                (Date)

                             Your Signature

### Certificate of Service

I depose under penalty of perjury 28 USC 1746 that the original copy of the "Amended Civil Complaint" no. 5:20cv36 was deposited with prison officials first class postage - requesting service of summons by the Clerk of Court during national lockdown to:

1). Clerk of Court
    P.O.B 1518
    Elkins, W.V. 26241-1518

        Requesting Courtsey copy of complaint due to National Lockdown. This day 3/16/20