IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARK PIERRE HALL,

      **Plaintiff,**

v.                                       Civil Action No.  5:20cv59
                                                   (Judge Bailey)

DIRECTOR HERWITZ, et al.,

      **Defendants.**

## REPORT AND RECOMMENDATION

The plaintiff, a prisoner at USP Hazelton, filed this action *pro se.* In addition, he filed an Application and Affidavit to Proceed Without Prepayment of Fees ("*in forma pauperis*") and a Consent to Collection of Fees. However, his Prisoner Trust Account Report ("PTAR") is blank, and he did not submit ledger sheets. Although the Clerk issued a Notice of Deficient Pleading directing the plaintiff file his ledger sheets, the same would be futile as would an Order from the undersigned directing the plaintiff to file a properly completed PTAR.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also*, *Ashley v. E. Dilworth*, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes")."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis status*. He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 Fed 3d 1234, 1237 (11th Cir. 2002); *see also Finley v. Doe*, No. 5:07-CV-00807, 2008 WL 264-5472 (S.D. W. Va. June 30, 2008) (Johnson, J.).

The undersigned's review of PACER, the nationwide database maintained by the federal courts, indicates that at least three of the Plaintiff's prior civil cases qualify as strikes under this provision. *See, e.g.*, *Hall v. City of Charlotte*, No. CA-97-186-3-M (W.D.N.C. Aug. 29, 1997) (dismissed as frivolous); *Hall v. City of Charlotte*, No. 97-7349, 1998 WL 322605 (4th Cir. June 9, 1998) (appeal dismissed as frivolous); *Hall v. United States*, No. 1:00-cv-987-UNA (D.D.C. May 5, 2000) (dismiss for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Hall v. Chater*, 3:98cv1940 (JCH) (dismissed as frivolous pursuant to 28 U.S.C. 1915(e)) (D. Conn. Jan. 28, 1999).

Therefore, to avoid dismissal and proceed without prepayment of the filing fee, the plaintiff must plausibly allege that he is under imminent danger of serious physical injury. *See* 28 U.S.C. 1915 (g). Vague, speculative, or conclusory allegations are insufficient to invoke this exception. *See Johnson v. Warner*, 200 F. Appx 270, 272 (4th Cir. 2006) (per curiam) (unpublished). Rather, the inmate must make "specific fact

allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

In the instant case, the plaintiff has filed a 38 page complaint listing 29 defendants and indicates that each in a supervisory capacity or as a member of the medical team "has failed to provide the medical standard of care, a fundamental interest at stake and imminent danger." The plaintiff recites a litany of physical conditions including chronic asthma and chronic obstructive pulmonary disease, spinal and lumbar stenosis and spondylosis, degenerative disc disease, disc degeneration, chronic arthritis, low heart voltage, impaired vision, and bone edema. He also lists 39 line items which he labels "general Injury chart," which ends with depleted life span. ECF No. 1 at pp. 33-34. For relief, he seeks millions of dollars in compensatory and punitive damages, an order directing the defendants to immediately arrange for his transfer to a medical referral center in his region for his total medical care, an order to immediately arrange for his access to all outside specialty clinics not available at USP Hazelton, an order to afford outside consultation and to carry out without delay within 30 days of the order, treatment recommended by such specialists, and finally, he requests attorney fees.

Upon thorough review of the complaint, the undersigned concludes that the plaintiff has not made a colorable showing that this action should proceed under the exception to the PLRA's three-strikes rule. Rather learning from the dismissal of his other complaints under the 3-strike rule, the plaintiff has simply employed boiler plate

3

language without enough facts to state a plausible claim that he is under imminent danger of serious physical injury.

For the foregoing reasons, the undersigned recommends the plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915 (g) and his pending Motions [ECF Nos. 2, 5, 6 and 7] be **DENIED AS MOOT.** The undersigned further recommends that Plaintiff be advised that if he wishes to pursue the allegations raised in the instant complaint, he must initiate a new case by filing a complaint with payment of the $400 filing fee.

The Plaintiff shall have fourteen days from the date of entry of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address

as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: March 30, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE