IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**MARC PIERRE HALL**,

    Plaintiff,

v.                                                            CIVIL ACTION NO. 5:20-CV-59
                                                                (BAILEY)

**DIRECTOR HERWITZ**, **et al.**,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 10]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on March 30, 2020, wherein he recommends that this case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) and that plaintiff's pending motions [Docs. 2, 5–7] be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v.**

1

***Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Plaintiff timely filed his Objection on April 7, 2020 [Doc. 14].[1] Accordingly, this Court will review the portions of the R&R to which the plaintiff objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

Magistrate Judge Mazzone recommends that this case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), which states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision, which provides that prisoners who repeatedly file meritless lawsuits lose the right to proceed without prepayment of fees and costs, has become known as the "three strikes" provision. The only exception to this provision is if "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Magistrate Judge Mazzone found that at least three of plaintiff's prior civil cases qualify as strikes under this provision and that plaintiff has not made a colorable showing that this action should proceed under the exception to the three strikes provision. Specifically, Magistrate Judge Mazzone found that "[r]ather [than] learning from the dismissal of his other complaints under the 3-strike rule, the plaintiff has simply employed

---

[1] Since the R&R was filed, plaintiff has also filed a Motion for Extension of Time to File Ledger Sheets [Doc. 11] and a Motion Requesting to File Additional Pages of the Medical Appendix in Support of Objection to Report and Recommendation of Magistrate Judge [Doc. 15].

2

boiler plate language without enough facts to state a plausible claim that he is under imminent danger of serious physical injury." [Doc. 10 at 3–4]. Thus, Magistrate Judge Mazzone recommends that plaintiff's case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Plaintiff's Objection does not dispute Magistrate Judge Mazzone's determination that at least three of his prior civil cases qualify as strikes under the three strike provision. In fact, plaintiff admits that he "is subject to the PLRA's (3) strike provision" [Doc. 14 at 3]. Instead, plaintiff argues that the three strikes provision denies him his "constitutional right to access the courts," [id.], and further argues that he has stated a claim that he is under imminent danger of serious physical injury, and thus should be exempt from the three strikes provision.

Upon consideration of plaintiff's Objection, this Court finds that the same should be overruled. First, plaintiff's Objection begins by discussing the three strikes provision, arguing for many pages that the three strikes provision denies him "meaningful access to the courts" and "actually injure[s] [him] under equal protection of law 5th amendment" [Doc. 14 at 2]. Plaintiff also cites many cases in support of these propositions.

The problem for plaintiff, however, is that the vast majority of the cases he relies on discussed limitations district courts placed on frequent filers ability to file claims *before* the three strikes provision was enacted by Congress in 1996. Thus, most of the cases plaintiff relies on for support have since been abrogated. For example, plaintiff mainly relies on ***In re Green***, 669 F.2d 779 (D.C. Cir. 1981), which held that the district court's order that the petitioner would be permitted to file claims in the district court only upon payment of all filing

fees, plus a $100 cash deposit as security for costs, violated the statute governing proceedings *in forma pauperis* and unduly impaired petitioner's constitutional right of access to the courts. However, **Green** was explicitly abrogated by **Hurt v. Social Security Administration**, 544 F.3d 308 (D.C. Cir. 2008), which stated that "[s]ubsequent Supreme Court cases suggest **Green** was wrong when it held section 1915(a) prohibited prospective denials of IFP [*in forma pauperis*] status," that "the Supreme Court has regularly issued blanket prohibitions against granting IFP status for non-criminal petitions from abusive filers," and noted that "in 1996, Congress amended 28 U.S.C. § 1915 to prevent prisoners who have filed three frivolous, malicious or meritless claims from proceeding IFP in future cases unless they are 'under imminent danger of serious physical injury.'" 554 F.3d at 310.

Furthermore, the same arguments plaintiff presents here—that the three strikes provision violates his constitutional right to access to the courts and violates the equal protection clause—have been considered and rejected many times before. As the Seventh Circuit stated in **Lewis v. Sullivan**, 279 F.3d 526 (7th Cir. 2002):

> Seven courts of appeals have considered constitutional objections to § 1915(g). These arguments have been based on the due process right of access to the courts, the equal protection clause, the ex post facto clause, the first amendment right to petitioner for redress of grievances, and several others. None has succeeded. All seven decisions have held that § 1915(g) is constitutional. *See* **Abdul–Akbar v. McKelvie**, 239 F.3d 307 (3d Cir. 2001) (en banc); **Carson v. Johnson**, 112 F.3d 818 (5th Cir. 1997); **Wilson v. Yaklich**, 148 F.3d 596 (6th Cir. 1998); **Higgins v. Carpenter**, 258 F.3d 797 (8th Cir. 2001); **Rodriguez v. Cook**, 169 F.3d 1176 (9th Cir. 1999); **White v. Colorado**, 157 F.3d 1226 (10th Cir. 1998); **Rivera v. Allin**, 144 F.3d 719 (11th Cir.1998).

279 F.3d at 528. The **Lewis** court went on to explain that "there is no constitutional entitlement to subsidy. . . . Section 1915(g) singles out only a subset of prisoners—those

who have established, by their own conduct, that they are among the abusers of the judicial system. Requiring persons who have abused the *forma pauperis* privilege in the past to pay in the future is a sensible and modest step. . . . [E]veryone allowed to proceed *in forma pauperis* owes the fees and must pay when able; the line drawn by § 1915(g) concerns only the *timing* of payment. Section 1915(g) does not have a substantive effect. . . . [Section] 1915(g) effects no real limit on *access* to courts by prisoners who use their options carefully and responsibly." *Id.* at 528–30.

For these reasons, plaintiff's constitutional challenges to the three strikes provision are unavailing. Thus, his objections in this regard are overruled.

Next, plaintiff objects to Magistrate Judge Mazzone's finding that "the plaintiff has simply employed boiler plate language without enough facts to state a plausible claim that he is under imminent danger of serious physical injury." [Doc. 10 at 3–4]. Plaintiff argues that Rule 8 of the Federal Rules of Civil Procedure "imposes a minimal burden on the plaintiff at the pleading stage," [Doc. 14 at 6], and that he has met that minimal burden. Plaintiff states that he has made "specific fact allegations of ongoing serious physical injuries, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." [Id. at 7].

Once again, this Court must disagree with plaintiff. This Court's review of plaintiff's Complaint reveals the same as Magistrate Judge Mazzone's review. Plaintiff's Complaint is, in fact, full of boiler plate language, and lacks enough factual allegations for this Court to plausibly conclude that plaintiff is under imminent danger of serious physical injury.

Furthermore, plaintiff's Objection does nothing to change that fact, as even considering such plaintiff still fails to demonstrate he should be exempt from the three

strikes provision. Plaintiff's Objection merely contends that the "attached medical excerpted records clearly support[] [the] 'fact' that he suffers from" various medical conditions. [Doc. 14 at 7–8]. Thus, the "specific fact allegations" plaintiff claims he has made to show that he is in "imminent danger of serious physical injury" are really just a reference to his medical records. However, these medical records merely show that plaintiff suffers from, or at least has complained of, various medical conditions, not that such conditions are deliberately going untreated or being ignored. In fact, the amount of these medical records, which contain detailed comments from plaintiff's many medical consultations, tend to suggest that defendants have been anything but indifferent to plaintiff's medical complaints. *See* [Doc. 15-1 at 1–33]. Thus, plaintiff's Objection also contains no facts to suggest that he is in "imminent danger of serious physical injury." Accordingly, his objections in this regard are overruled.

Finally, plaintiff's Objection ends by listing several cases which plaintiff states are the "clearly established laws exist[ing] at [the] time of [his] claims." [Doc. 14 at 8–10]. However, merely listing such cases does nothing to help plaintiff establish he is in "imminent danger of serious physical injuries," as they do nothing to cure plaintiff's lack of factual allegations. Accordingly, his objections in this regard are overruled.

Therefore, for the reasons stated above, this Court agrees with Magistrate Judge Mazzone's determination that plaintiff is subject to the three strikes provision of 28 U.S.C. § 1915(g) and that plaintiff has not made a colorable showing that this action should proceed under the exception to the three strikes provision, as plaintiff does not provide enough facts to state a plausible claim that he is under imminent danger of serious physical injury. Accordingly, this Court hereby **ORDERS** that plaintiff's Objection **[Doc. 14]** is

**OVERRULED** and that Magistrate Judge Mazzone's Report and Recommendation **[Doc. 10]** is hereby **ADOPTED**. Thus, plaintiff's Complaint **[Doc. 1]** is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g). In as much as this Court considered plaintiff's medical records in reaching this decision, plaintiff's Motion Requesting to File Additional Pages of the Medical Appendix in Support of Objection to Report and Recommendation of Magistrate Judge **[Doc. 15]** is hereby **GRANTED**. Plaintiff's other pending Motions **[Docs. 2, 5, 6, 7, 11]** are hereby **DENIED AS MOOT**.

The Clerk is **DIRECTED** to enter judgment in favor of the defendants and to **STRIKE** this action from the active docket of this Court. Plaintiff is advised that if he wishes to pursue the allegations raised in the instant Complaint, he must initiate a new case by filing a complaint with payment of the $400 filing fee.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* plaintiff.

**DATED**: April 15, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE